UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL ZAMORA and CGC, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE BANK & CO., FIT INTERNATIONAL GROUP CORP., FOREX INTERNATIONAL TEAM INC., JAIRO ENRIQUE SANCHEZ, and DILIA MARGARITA BAEZ, <br><br> Defendants. | No. 14 Civ. 5344 (WHP) <br><br> **JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN OF PLAINTIFFS AND DEFENDANTS JPMORGAN CHASE BANK, N.A. AND JPMORGAN CHASE & CO.** |

On November 24, 2014, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff and for Defendants JPMorgan Chase Bank, N.A., and JPMorgan Chase Bank & Co. (together, "Chase") met and conferred telephonically. David Bellon participated for Plaintiffs. Noah Levine and Jamie Dycus of Wilmer Cutler Pickering Hale and Dorr LLP participated for Chase. Plaintiffs and Chase jointly submit this Rule 26(f) report ("Report") outlining their positions and agreements.[1]

**1.      Settlement**

Counsel for Plaintiffs and Chase have conferred in good faith regarding settlement and have agreed that, at least at this stage of the litigation, settlement is not a reasonable possibility.

**2.      Motion to Dismiss**

Subject to the approval of the Court, counsel for Plaintiffs and Chase have agreed to the following briefing schedule for a motion by Chase to dismiss the Complaint: Chase's deadline

---

[1] The meet and confer session described in this Report did not include representatives for the parties named in the Complaint whose counsel have not yet appeared (*i.e.*, FIT International Group Corp., Forex International Team Inc., Jairo Enrique Sanchez, and Dilia Margarita Baez).

to move to dismiss shall be January 9, 2014; Plaintiffs' deadline to oppose any motion to dismiss shall be February 6, 2014; Chase's deadline to reply to any opposition shall be February 20, 2014.

**3.     Discovery Plan**

Chase requests that discovery in this case be stayed pending the Court's decision on Chase's contemplated motion to dismiss the Complaint.  As set forth in Chase's pre-motion letter, Chase submits that substantial grounds exist to dismiss all claims set forth in the Complaint and that, at minimum, the motion to dismiss has the potential to substantially narrow the issues in the case.  Proceeding with discovery before a decision on the motion may needlessly consume substantial resources of the parties (and potentially of the Court), particularly where several parties of whom discovery will be required reside outside the United States and have yet to appear.  A stay of discovery would prevent such needless, premature expense.  *See, e.g.*, *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *Rivera v. Heyman*, No. 96 CIV. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997); *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991).  Given this request for a stay of discovery pending resolution of a motion to dismiss, the dates set forth in Chase's proposed discovery plan below run from the date of entry of an order by the Court ("Order") deciding Chase's contemplated motion to dismiss.

Plaintiffs do not consent to a stay of discovery.

A.     *Changes in timing, form or requirement for Rule 26(a) disclosures*

Regarding timing, Plaintiffs and Chase propose to exchange the information required to be disclosed under Fed. R. Civ. P. 26(a)(1) no later than 30 days following an order deciding

Chase's Motion to Dismiss. Plaintiffs and Chase do not believe that any change in the form of the Rule 26(a) disclosures is warranted.

    B.    *Subjects on which discovery may be needed*

Plaintiff intends to seek discovery of Chase regarding at least the following:

- Documents or information related to any of the allegations in the Complaint.

- Documents or information related to FIT International Group Corp., Forex International Team, Inc., Dilia Margarita Baez, and Jairo Enrique Sanchez (collectively, "Colombian Defendants"), including, but not limited to, promotional materials, prospectuses, contracts, and account statements.

- Documents or information related to any account opened or held at Chase by any Colombian Defendant, including, but not limited to, account opening documents, account agreements, and account statements.

- Documents or information related to any account opened or held at Chase by Plaintiffs, including, but not limited to, account opening documents, account agreements, and account statements.

- Communications between the Colombian Defendants and Chase.

- Communications between Chase and any customer or client of the Colombian Defendants.

- Communications by or to Chase concerning any of the allegations within the Complaint.

- Documents or information related to Chase Defendants and their defenses to the purported causes of action asserted in the Complaint.

- Documents or information, including bank records, related to Plaintiffs' allegations of monies invested with the Colombian Defendants.

- Documents or information relating to any complaint or other statement made by any individual or entity to any regulatory or law enforcement authority concerning the Colombian Defendants or Chase, whether in the United States or in any other country.

Plaintiff intends to seek discovery of the Colombian Defendants regarding at least the following:

- Documents or information related to Plaintiffs.

- Documents or information related to any of the allegations in the Complaint.

- Documents or information related to any account opened or held at Chase by any of the Colombian Defendants, including, but not limited to, account opening documents, account agreements, and account statements.

- Documents or information related to any account opened or held at Chase by Plaintiffs, including, but not limited to, account opening documents, account agreements, and account statements.

- Communications between the Colombian Defendants and Chase.

- Documents or information relating to any complaint or other statement made by any individual or entity to any regulatory or law enforcement authority concerning the Colombian Defendants or Chase, whether in the United States or in any other country.

- Bank records and other information regarding monies held by the Colombian Defendants.

Chase intends to seek discovery of Plaintiffs regarding at least the following:

- Documents or information related to any of the allegations in the Complaint.

- Documents or information related to the Colombian Defendants, including, but not limited to, promotional materials, prospectuses, contracts, and account statements.

- Documents or information related to any account opened or held at Chase by any Colombian Defendant, including, but not limited to, account opening documents, account agreements, and account statements.

- Documents or information related to any account opened or held at Chase by Plaintiffs, including, but not limited to, account opening documents, account agreements, and account statements.

- Communications between Plaintiffs and Chase.

- Communications between Plaintiffs and any Colombian Defendant.

- Communications between Plaintiffs and any customer or client of the Colombian Defendants.

- Communications by or to Plaintiffs concerning any of the allegations within the Complaint.

4

- Documents or information related to Plaintiffs' discovery of their purported causes of action asserted in the Complaint.

- Documents or information, including bank records, related to Plaintiffs' allegations of monies invested with the Colombian Defendants or related to Plaintiffs' allegations of out-of-pocket losses.

- Documents or information otherwise related to Plaintiffs' claimed damages.

- Documents or information relating to any complaint or other statement made by any Plaintiff to any regulatory or law enforcement authority concerning the Colombian Defendants or Chase, whether in the United States or in any other country.

Chase intends to seek discovery of the Colombian Defendants regarding at least the following:

- Documents or information related to Plaintiffs.

- Documents or information related to any of the allegations in the Complaint.

- Documents or information related to any account opened or held at Chase by any of the Colombian Defendants, including, but not limited to, account opening documents, account agreements, and account statements.

- Documents or information related to any account opened or held at Chase by Plaintiffs, including, but not limited to, account opening documents, account agreements, and account statements.

- Communications between the Colombian Defendants and Plaintiffs.

- Communications between the Colombian Defendants and Chase.

- Documents or information relating to any complaint or other statement made by any Plaintiff to any regulatory or law enforcement authority concerning the Colombian Defendants or Chase, whether in the United States or in any other country.

- Bank records and other information regarding monies held by the Colombian Defendants.

C. *Timing for completion of discovery, other pertinent events, and trial-ready date*

Subject to the approval of the Court, Chase proposes the following discovery schedule, to govern if the Court were to deny the motion to dismiss:

| No. | Event | Date |
|---|---|---|
| 1. | Order on Chase Motion to Dismiss | - |
| 2. | Fact discovery to commence | Date of Event #1 |
| 3. | Initial disclosures to be exchanged | 30 days following Event #1 |
| 4. | Deadline for joining parties or amendment of pleadings | 2 months following Event #1 |
| 5. | Deadline for completion of fact discovery | 9 months following Event #1 |
| 6. | Plaintiffs' disclosures of expert witnesses due | Date of Event #5 |
| 7. | Plaintiffs to make expert witnesses available for deposition | For 45 days following Event #6 |
| 8. | Chase's disclosure of expert witnesses due | 45 days following Event #6 |
| 9. | Chase to make expert witnesses available for deposition | For 45 days following Event #8 |
| 10. | Last day to complete expert discovery | 45 days following Event #8 |
| 11. | Last day for dispositive motions to be fully briefed | 70 days following Event #10 |
| 12. | Joint pretrial conference | 60 days following Event #11 |
| 13. | Trial-ready date | 30 days after Event #12 |

C.      *Issues related to preservation and electronically stored information*

Plaintiffs and Chase have taken steps to ensure that relevant documents and information in their possession, including electronically stored information ("ESI"), will be preserved during the pendency of this litigation. Plaintiffs and Chase will negotiate in good faith to develop an agreed-upon protocol for handling ESI. If Plaintiffs and Chase cannot reach agreement, they will submit any disputes to the Court, together with those aspects of the protocol as to which they agree.

D.      *Additional limitations on discovery*

Plaintiffs and Chase agree that no changes should be made to the presumptive discovery limitations in the Federal Rules of Civil Procedure.

    E.    *Other orders*

Plaintiffs and Chase will negotiate and submit a proposed protective order regarding the handling of confidential material in this action.

**4.**     **Reservation of Rights**

Plaintiffs and Chase agree that nothing herein constitutes a waiver of any kind, including as to either party's right to propound discovery not described herein and as to any objection to any discovery described herein. Plaintiffs and Chase reserve the right to bring any other matters to the Court's attention should any issues arise.

Dated: November 26, 2014

| | |
|---|---|
| /s/ David Anthony Bellon<br>David Anthony Bellon, Esq.<br>48 Willoughby Street<br>Brooklyn, NY 11201<br>Tel: (646) 637-3677<br>Fax: (646) 637-3677<br>david.bellon@gmail.com<br><br>*Attorney for Plaintiffs* | /s/ Noah Levine<br>Noah Levine, Esq.<br>Jamie Dycus, Esq.<br>WILMER CUTLER PICKERING<br> HALE AND DORR<br>7 World Trade Center<br>250 Greenwich St.<br>New York, NY 10007<br>Tel: (212) 230-8890<br>Fax: (212) 230-8888<br>noah.levine@wilmerhale.com<br>Jamie.dycus@wilmerhale.com<br><br>*Attorneys for Defendants JPMorgan Chase Bank & Co. and JPMorgan Chase Bank, N.A.* |

IT IS SO ORDERED.

Dated: _____, 2014
      New York, NY

                                                  _____
                                                  Hon. William H. Pauley
                                                  United States District Judge

**Certificate of Service**

I hereby certify that on the 26th day of November, 2014, a copy of the Joint Rule 26(f) Report and Proposed Discovery Plan of Plaintiffs and Defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. was filed with the Court through the CM/ECF system and served on all Filing Users.  The following parties who are not Filing Users were served by mail.

    Dilia Margarita Baez
    Calle 140 No. 6-10
    Apartamento 501 Monteloma
    Torre 6 Edificio
    Monteloma PH
    Bogota DC (Colombia)

    Jairo Enrique Sanchez
    Calle 140 No. 6-10
    Apartamento 501 Monteloma
    Torre 6 Edificio
    Monteloma PH
    Bogota DC (Colombia)

    FIT International Group Corp.
    7300 N.W. 19th Street, Suite 101
    Miami, FL 33126-1222

    Forex International Team Inc.
    14 Wall Street, 20th Floor
    New York, NY 10005

Dated: November 26, 2014                                    /s/ Noah Levine
                                                                                Noah Levine