**WILMERHALE**

November 26, 2014

Noah Levine

+1 212 230 8875 (t)
+1 212 230 8888 (f)
noah.levine@wilmerhale.com

**VIA ECF**

The Honorable William H. Pauley
U.S. District Court, Southern District of New York
500 Pearl Street, Chambers 1920
New York, NY 10007

Re:  *Zamora et al. v. JPMorgan Chase Bank USA, N.A. et al.*, No. 14 Civ. 5344

Dear Judge Pauley:

     I write on behalf of defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (collectively "Chase") to request a pre-motion conference regarding a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).  Chase understands that, under Rule III.A.iii of the Court's Individual Practices, this letter has the effect of extending its deadline to answer or move to dismiss the Complaint until further Order of the Court.  Chase respectfully suggests that the issues raised in this letter could be addressed at the pretrial conference scheduled for December 4, 2014.

     In this lawsuit, Colombian resident Daniel Zamora, on behalf of himself and CGC, Inc., a Panamanian corporation, claims to have been defrauded by two individuals also alleged to reside in Colombia, Dilia Margarita Baez and Jairo Enrique Sanchez.  Plaintiffs claim that, acting through two U.S. entities, FIT International Group and Forex International Team, Baez and Sanchez promised to invest certain funds belonging to Plaintiffs on the foreign currency market but instead stole the funds.  Plaintiffs do not claim to have had any direct relationship with Chase; rather, the principal allegation against Chase is that it allowed Baez and Sanchez to open

The Honorable William H. Pauley
November 26, 2014
Page 2

WILMERHALE

and maintain corporate bank accounts used to perpetrate the fraud. For at least four reasons, all of Plaintiffs' claims against Chase should be dismissed for failure to state a claim.

*First*, Plaintiffs purport to assert claims against Chase for alleged violations of purely criminal statutes for which there is plainly no private right of action. Several of Plaintiffs' claims are patently insupportable for this reason, including Counts One (wire fraud in violation of 18 U.S.C. § 1343), Two (transportation of stolen property in violation of 18 U.S.C. § 2314), Three (money laundering in violation of 18 U.S.C. §§ 1956 and 1957), and Seven (aiding and abetting embezzlement).[1]

*Second*, several of Plaintiffs' claims are time barred. A three-year statute of limitations governs Counts Nine (conversion), Ten (aiding and abetting conversion), and Fourteen (gross negligence).[2] As relevant to Chase, the alleged fraudulent scheme was over by May 29, 2009, at which time, according to Plaintiffs, any Chase accounts were closed. *See* Compl. ¶ 41. Thus Plaintiffs were required to assert their conversion and gross negligence claims (which are not subject to a discovery rule[3]) by May 29, 2012. They waited more than two additional years to file their Complaint, so the claims should be dismissed.

---

[1]  *See Official Pubs., Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (no private right of action for wire fraud); *Cooper v. North Jersey Trust Co. of Ridgewood, N.J.*, 226 F. Supp. 972, 980 (S.D.N.Y. 1964) (same for transportation of stolen property); *Schwartz v. F.S. & O. Assocs., Inc.*, No. 90-cv-1606, 1991 WL 208056, at *2-3 (S.D.N.Y. Sept. 27, 1991) (same for money laundering); *Cohain v. Klimley*, No. 08-cv-5047, 2011 WL 3896095, at *4 (S.D.N.Y. Aug. 31, 2011) (same for larceny, of which embezzlement is a species).

[2]  *See Gold Sun Shipping Ltd. v. Ionian Transp. Inc.*, 245 A.D.2d 420, 421 (N.Y. App. Div. 2d Dep't 1997) (conversion); *Anunziatta v. Orkin Exterminating Co.*, 122 F. App'x 524, 526 (2d Cir. 2004) (gross negligence).

[3]  *See Vigilant Ins. Co. of Am. v. Hous. Auth. of City of El Paso, Tex.,* 660 N.E.2d 1121, 1126 (N.Y. 1995) (conversion); *Playford v. Phelps Mem'l Hosp. Ctr.*, 254 A.D.2d 471, 471-72 (N.Y. App. Div. 2d Dep't 1998) (negligence).

The Honorable William H. Pauley
November 26, 2014
Page 3

WilmerHale

*Third*, several claims should be dismissed because Plaintiffs fail adequately to allege that Chase had actual (not constructive) knowledge of, or assisted in, the fraud. Such knowledge and assistance are necessary elements of Counts Six (knowing participation in a breach of trust),[4] Eight (aiding and abetting breach of fiduciary duty), Ten (aiding and abetting conversion), Thirteen (commercial bad faith), and Sixteen (aiding and abetting fraud).[5] Particularly under the standard of Fed. R. Civ. P. 9(b), which governs Plaintiffs' claims sounding in fraud, Plaintiffs' allegations (which in many cases are of mere "constructive" knowledge) fall short.

*Fourth*, and finally, Counts Eleven (unjust enrichment), Twelve (fiduciary duty), and Fourteen (gross negligence) all should be dismissed because Plaintiffs allege no facts that would establish a fiduciary or any other relationship between themselves and Chase.[6]

Accordingly, Chase seeks leave to move to dismiss the Complaint in its entirety. Chase will be pleased to address these issues at the upcoming conference, or at another time convenient to the Court.

---

[4] To the extent a cause of action exists for "knowing participation in a breach of trust," it appears duplicative of Plaintiffs' claim for aiding and abetting a breach of fiduciary duty.

[5] *See Weshnak v. Bank of Am., N.A.*, 451 F. App'x 61, 61-62 (2d Cir. 2012); *Rosner v. Bank of China*, 349 F. App'x 637, 639 (2d Cir. 2009); *Prudential-Bache Sec. v. Citibank, N.A.*, 536 N.E.2d 1118, 1124-25 (N.Y. 1989); *see also McBride v. KPMG Int'l*, Nos. 650632/09 *et seq.*, 2014 WL 4063044, at *13-20 (N.Y. Sup. Ct. Aug. 15, 2014) (dismissing plaintiffs' aiding and abetting claims against JP Morgan Chase & Co. and the Bank of New York Mellon for failure to sufficiently allege actual knowledge of and substantial assistance in the underlying wrongdoing).

[6] *See Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1111 (N.Y. 2011) (claim of unjust enrichment "will not be supported if the connection between the parties is too attenuated"); *Qube Films Ltd. v. Padell*, No. 13-cv-8405, 2014 WL 3952931, at *7 (S.D.N.Y. Aug. 12, 2014) (dismissing fiduciary duty and gross negligence claims where "[p]laintiffs were not customers of [defendant bank], they had no contractual relationship with [defendant bank], and, as noted above, they did not even allege any direct contact with [defendant bank]").

The Honorable William H. Pauley
November 26, 2014
Page 4

WilmerHale

Respectfully submitted,


/s/ Noah Levine
Noah Levine, Esq.
Jamie Dycus, Esq.
Hanna Baek, Esq.
Wilmer Cutler Pickering
    Hale and Dorr LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Tel:  (212) 230-8890
Fax:  (212) 230-8888
noah.levine@wilmerhale.com
jamie.dycus@wilmerhale.com
hanna.baek@wilmerhale.com

*Attorneys for Defendants JPMorgan Chase Bank & Co. and JPMorgan Chase Bank, N.A.*

## Certificate of Service

I hereby certify that on the 26th day of November, 2014, a copy of the pre-motion letter of Defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. was filed with the Court through the CM/ECF system and served on all Filing Users. The following parties who are not Filing Users were served by mail.

Dilia Margarita Baez
Calle 140 No. 6-10
Apartamento 501 Monteloma
Torre 6 Edificio
Monteloma PH
Bogota DC (Colombia)

Jairo Enrique Sanchez
Calle 140 No. 6-10
Apartamento 501 Monteloma
Torre 6 Edificio
Monteloma PH
Bogota DC (Colombia)

FIT International Group Corp.
7300 N.W. 19th Street, Suite 101
Miami, FL 33126-1222

Forex International Team Inc.
14 Wall Street, 20th Floor
New York, NY 10005


Dated: November 26, 2014                                /s/ Noah Levine
                                                        Noah Levine