David Bellon, Esq.
48 Willoughby Street
Brooklyn, N.Y. 11201
t: 347.642.5743
f: 718.532.9682

December 1, 2014

**VIA ECF**

The Honorable William H. Pauley

U.S. District Court, Southern District of New York
500 Pearl Street, Chambers 1920
New York, N.Y. 10007

Re:  *Zamora et al. v. JPMorgan Chase Bank USA, N.A. et al.,* No.: 14 Civ 5344

Dear Judge Pauley:

I write on behalf of the Plaintiffs, Mr. Daniel Zamora and CGC, Inc., in opposition to the Defendant's Letter Motion which requests a pre-motion conference regarding their motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

In this lawsuit, Colombian resident Daniel Zamora, on behalf of himself and CGC, Inc., a Panamanian corporation, asserted claims to have been defrauded by two individuals, Dilia Margarita Baez and Jairo Enrique Sanchez. Plaintiffs' claim that acting through two U.S. entities, FIT International Group and Forex International Team, Baez and Sanchez promised to invest all funds belonging to the Plaintiffs and others on the FOREX market but stole all the funds.

Counsel for the Defendants asserted that Plaintiffs do not claim to have had any direct relationship with Chase. This is false. The Complaint states that Plaintiffs' were the holders of a certain type of account termed by Chase to be <u>Client Management and Escrow Accounts</u>.  Existence of such an account would establish a strong likelihood that

Chase may have been acting as an Escrow agent, and as such, had a fiduciary duty to the Plaintiffs'. Therefore, Counts Eleven (unjust enrichment), Twelve (fiduciary duty) and Fourteen (gross negligence) should not be dismissed, as the connection between the parties is not attenuated.

Several claims which the Defendant's counsel states should be dismissed because the Plaintiffs' failed to adequately allege that Defendant had knowledge of the fraud, or assisted in the fraud and that such knowledge and participation are necessary elements of are Counts six (knowing participation in a breach of Trust, Eight (aiding and abetting a breach of fiduciary duty), Ten (aiding and abetting conversion), Thirteen (commercial bad faith), and Sixteen (aiding and abetting fraud). Dismissal of these counts should be denied. Defendant's counsel states the "Particularity" standard under Fed R. Civ P. 9(b) has not been met. In this action, the "Particularity" standard should be seen through the lens of how a bankruptcy court would hold a Plaintiff to their pleading requirement. In fraudulent conveyance actions, the Court gives great deference to Trustees. In the present case, Plaintiffs' counsel is a private attorney general and therefore should be afforded the same deference to that of a bankruptcy Trustee would be afforded in these matters.[1] Also, the fraud claims asserted within the complaint sound as well in fraudulent transfer law. The badges of fraud have been specifically identified as transfers made to Chase.[2] Discovery will aid the Court in determining the "totality of the circumstances" with which the badges of fraud were present.

---

[1] Pardo v. Gonzaba (In re APF Co.), 308 B.R. 183, 188 (Bankr. D. Del. 2004) Rule 9's requirements, however, are relaxed in the bankruptcy context, particularly in cases as the present where a bankruptcy trustee has been appointed.
[2] Bell Atalantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) Factual allegations need only establish "plausible grounds" for a claim in order to survive a motion to dismiss.

Defendant's counsel asserted that several of the Plaintiffs' claims are time barred, as a three-year statute of limitations governs Counts Nine (conversion), Ten (aiding and Abetting Conversion), and Fourteen (gross negligence). Plaintiffs' contend that these claims should be equitably tolled by reason that the Defendants may have hindered the investigation of the CFTC and that Chase may have engaged in deceptive conduct which hindered the Plaintiffs' ability to discover the Fraud, which would have brought certain documents into the purview of the Plaintiffs' to discover the wrong doing by the Defendants in a timely manner.

Accordingly, for the reasons set forth above and further arguments to be made in Plaintiffs' objection to the Defendant's motion to dismiss the Complaint in its entirety at this juncture and should be denied as a matter of law. Counsel for the Plaintiffs' will also be pleased to address these matters at anytime the court deems convenient.

Respectfully submitted,

/s/David Bellon
David Bellon, Esq.
48 Willoughby Street
Brooklyn, NY 11201
t: 347.642.5743
f: 718.532.9682
david.bellon@gmail.com
*Attorney for the Plaintiffs*