April 14, 2015

**VIA ECF**

The Honorable William H. Pauley, III
United States District Court Judge
Southern District of New York
500 Pearl St., Ct. Room 20B
New York, NY 10007-1312

Re:     *Zamora et al. v. JPMorgan Chase Bank USA, N.A. et al*, No. 14 Civ. 5344

Dear Judge Pauley:

I write on behalf of the Plaintiffs, Mr. Daniel Zamora and CGC, Inc., to request permission from this Court to file a Sur-Reply in this action.  The Sur-Reply will be limited to responding to factual inaccuracies and incomplete statements of law raised by Defendant JPMorgan Chase Bank (Chase) in its Reply filed on April 3, 2015 (Dkt. 33).

First, the Reply, in its attempt to discredit Plaintiffs Response Memorandum (Dkt. 31), states that the Plaintiffs Response had "new assertions," while any logical reading of the Amended Complaint would find that such assertions had been alleged. *See, e.g.*, Reply, p. 1 stating that assertions of a CFTC subpoena are "new," while ignoring assertions in the AC in two different paragraphs which describe a CFTC investigation of which Chase had personal knowledge.  AC (dkt. 25) para. 82; 101.   There are other inaccuracies regarding the Escrow Agreement, see Reply p. 7, which Plaintiffs will correct in a Sur-Reply.

Second, Defendants state incomplete findings of law to support their argument that the exhibits and Declaration are extrinsic and not properly submitted with the Response.  Reply, p. 2,

1

citing to *Madu, Edozie & Madu , P.C. v. SocketWorks Ltd., Nigeria*, 265 F.R.D. 106, 122-123 (S.D.N.Y. 2010).  Defendants, however, fail to describe the most pertinent part of the case which discusses that courts have not treated information as extrinsic if  the "documents are integral to the framework of the Complaint."  *Madu*, 265 F.R.D. at 123.  A Sur-Reply will allow Plaintiffs to describe in detail how the exhibits filed with Plaintiffs Response were referred to numerous times and 'relied upon" in the AC, and as well present case law in which courts have allowed documents to be filed as exhibits when found to be referenced in a pleading.

Further, along these lines, a Sur-Reply will allow the Court to be presented with the overwhelming and clear law in this district and the Second Circuit that responses to affirmative defenses, here, the statute of limitations, can be raised in extraneous documents such as Declarations.

Lastly, Defendants present numerous inaccuracies (of fact, and law) in the Reply with regard to the RICO claims.[1]  A Sur-Reply will seek to present the Court with the proper legal framework for analyzing the racketeering claims.

Accordingly, for the reasons set forth above, Plaintiffs request that they be allowed to file a Sur-Reply in this matter.

---

[1] For example, the Reply, p. 7, cites to an unpublished district court decision for the proposition that a RICO enterprise must have an "ascertainable structure."  Contrary to Defendant's statements, the district court judge did not construe *Boyle* at all, but rather relied on earlier Supreme Court precedent which had left the issue of "ascertainable structure" open to interpretation.  As can be described*, Boyle* specifically rejected the argument that an enterprise have "an ascertainable structure." *Boyle v. United States*, 556 U.S. 938, 946-947 (2009).

Respectfully submitted,

David Bellon, Esq.
48 Willoughby Street
Brooklyn, NY 11201