UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DANIEL ZAMORA, *et al.*,                     :

                Plaintiffs,                     :

             -against-                     :

JPMORGAN CHASE BANK, N.A., *et al.,*          :

               Defendants.                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 7/31/15 |

14cv5344

<u>MEMORANDUM & ORDER</u>

WILLIAM H. PAULEY III, District Judge:

       Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (together, "JPMorgan") move under Fed. R. Civ. P. 12(b)(6) for dismissal of all the claims brought against them by Daniel Zamora and CGC, Inc. (collectively, "Plaintiffs"). For the following reasons, JPMorgan's motion to dismiss is granted.

<u>BACKGROUND</u>

       The allegations in the Amended Complaint revolve around a money laundering and embezzlement scheme perpetrated by Dilia Margarita Baez and Jairo Enrique Sanchez, two Colombian nationals who are also named as Defendants. Baez and Sanchez marketed themselves as "foreign currency trading experts" and promised to invest Plaintiffs' funds on the foreign exchange market. (Am. Compl. ¶¶ 35-40.) They utilized two corporate entities, FIT International Group Corp. and Forex International Team Inc. (the "FIT Entities"), which are also named as Defendants, to open bank accounts at JPMorgan in furtherance of their money laundering scheme. (Am. Compl. ¶¶ 1, 5, 7.) With the complicity of a JPMorgan employee, Defendants opened accounts without a social security or taxpayer identification number. (Am. Compl. ¶ 37.) Over five years, the accounts had average daily balances of several million

dollars. (Am. Compl. ¶ 10.) Eventually, when the promised returns never materialized, Plaintiffs sought to withdraw their funds. Baez and Sanchez responded by closing the accounts. (Am. Compl. ¶¶ 39, 41.) Plaintiffs claim losses in excess of $3 million. (Am. Compl. ¶ 1.)

Broadly, Plaintiffs contend that JPMorgan is liable for their losses because the account activity was suspicious and JPMorgan's controls were ineffective. (See Am. Compl. ¶¶ 2, 10, 11, 12-17, 37, 87.)

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012) (quoting Twombly, 550 U.S. at 555) (internal quotations omitted). Further, allegations sounding in fraud must also satisfy Rule 9(b) of the Federal Rules of Civil Procedure. See Kolbeck v. LIT Am., Inc., 939 F. Supp. 240, 245 (S.D.N.Y. 1996) ("To the extent the underlying primary violations are based on fraud, the allegations of aiding and abetting liability must meet the particularity requirements of Fed. R. Civ. P. 9(b)."). On a motion to dismiss, "consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

DISCUSSION

I.      Counts 1, 2, 3, and 8

As Plaintiffs' counsel conceded at oral argument, Count 1 (wire fraud), Count 2 (transportation of stolen property), Count 3 (money laundering), and Count 8 (aiding and abetting embezzlement) fail to state cognizable claims.  (May 13, 2015 Tr. at 24.)  Each alleges a violation of a criminal statute for which there is no express or implied private right of action. See Cohain v. Klimley, Nos. 08 Civ. 5047, 09 Civ. 4527, 2011 WL 3896095, at *4 (S.D.N.Y. Aug. 31, 2011) (no private right of action for larceny/embezzlement); Schwartz v. F.S. & O. Assocs., Inc., No. 90-cv-1606, 1991 WL 208056, at *2-3 (S.D.N.Y. Sept. 27, 1991) (no private right of action for money laundering); Official Publ'ns, Inc. v. Kable News Co., 884 F.2d 664, 667 (2d Cir. 1989) (no private right of action for wire fraud); Cooper v. N. Jersey Trust Co. of Ridgewood, N.J., 226 F. Supp. 972, 980 (S.D.N.Y. 1964) (no private right of action for transportation of stolen property).

II.     Counts 4 and 5

Count 4 (RICO) does not satisfy the "enterprise" requirement of a RICO claim. An association in fact enterprise must have a structure, which consists of a "purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Boyle v. United States, 556 U.S. 938, 946 (2009). The members of the association must "share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 120 (2d Cir. 2013) (internal citations omitted).

Plaintiffs loosely allege that JPMorgan, Sanchez, Baez, and the FIT Entities were an "enterprise," (see, e.g., Am. Compl. ¶ 66 (JPMorgan "acted under the direction of the

principals" by "knowingly opening accounts for entities which were not registered" and "aided the perpetuation of the scheme by ignoring or overriding its AML systems"); Am. Compl. ¶¶ 2, 20, 21 (JPMorgan was "at the very center" of the scheme, "played a crucial and pivotal role," and "act[ed] in concert with" other defendants")). But the Amended Complaint offers no specifics concerning JPMorgan's purpose in associating itself with such an enterprise. Nor do Plaintiffs plead any benefits JPMorgan received by participating in the scheme. The bare allegation that a JPMorgan employee opened accounts without a social security or taxpayer identification number (Am. Comp. ¶ 37), is insufficient to establish a plausible common purpose among the Defendants.

In turn, Count 5 (RICO conspiracy) fails because where a substantive RICO claim is deficient, a RICO conspiracy claim cannot stand. See M'Baye v. New Jersey Sports Production, Inc., No. 06 Civ. 3439, 2007 WL 431881, at *8 (S.D.N.Y. Feb. 7, 2007). In addition, Plaintiffs' conclusory allegations are insufficient to allege an agreement among JPMorgan and the other Defendants to further the alleged conspiracy. M'Baye, 2007 WL 431881, at *8 ("The failure to allege an agreement is the most basic element of a RICO conspiracy claim, and the lack of such an allegation is enough for dismissal.").

III.    Counts 7, 9, 11, 14, and 17

Count 7 (knowing participation in a breach of trust), Count 9 (aiding and abetting a breach of fiduciary duty), Count 11 (aiding and abetting conversion), Count 14 (commercial bad faith), and Count 17 (aiding and abetting fraud) are all variations on a theme of aiding and abetting liability. Each count fails to allege that JPMorgan had "actual knowledge" of the fraud. Kirschner v. Bennett, 648 F. Supp. 2d 525, 533 (S.D.N.Y. 2009) ("Under New York law, the elements of aiding and abetting a breach of fiduciary duty, aiding and abetting a conversion, and

4

aiding and abetting a fraud . . . require the existence of a primary violation, actual knowledge of the violation on the part of the aider and abettor, and substantial assistance.").[1]

Instead of pleading "actual knowledge," Plaintiffs allege that JPMorgan "should have known" of the alleged fraud and ignored "red flags." (See Am. Compl. ¶¶ 79-82, 87, 90, 109-110.) Such allegations are insufficient. See in re Agape Litigation, 773 F. Supp. 2d 298 (E.D.N.Y. 2011) ("While the Plaintiffs have gathered allegations of 'red flags' and suspicious circumstances, . . . these allegations fail to rise to the level of specificity that New York state courts and courts in the Second Circuit have routinely required [to] raise a strong inference of actual knowledge from circumstantial evidence.") (internal citations and quotations omitted). Similarly, Plaintiffs' allegations that JPMorgan failed to abide by vague and unspecified anti-money laundering controls are insufficient to plead "actual knowledge." (See, e.g., Am. Compl. ¶ 111.) And references to a 2005 CFTC subpoena never mentioned in the Amended Complaint are inappropriate for consideration on a motion to dismiss.

Further, Plaintiffs' reliance on a "conscious avoidance" theory is misplaced. Conscious avoidance occurs "when it can almost be said that a defendant actually knew because he or she suspected a fact and realized its probability, but refrained from confirming it in order later to be able to deny knowledge." Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt, LLC, 479 F. Supp. 2d 349, 368 (S.D.N.Y. 2007) (internal quotations and citations omitted). Plaintiffs allege no facts to suggest that JPMorgan specifically avoided learning of the money laundering scheme. (See Am. Compl. ¶¶ 2, 5, 10, 11, 19, 41.) Instead, they assert conclusory allegations

---

[1]    Count 7 (knowing participation in a breach of trust) merely restates Count 9 (aiding and abetting a breach of fiduciary duty). See In the Matter of Allion Healthcare, Inc. Shareholders Litig., No. 41990-09, 28 Misc. 3d 1228(A), 2012 WL 3384898, at *9 (N.Y. Sup. Ct. Aug 13, 2010). Similarly, Count 14 (commercial bad faith) merely restates Count 17 (aiding and abetting fraud.) See Rosner v. Bank of China, No. 06 Civ. 13562, 2008 WL 5416380, at *15 (S.D.N.Y. Dec. 18, 2008).

that "willful blindness is the only possible explanation," or that JPMorgan "should have suspected an embezzlement and money laundering scheme," or that JPMorgan exhibited "conscious disregard for proper banking protocol." (Am. Compl. ¶¶ 19, 41, 87.)

All of the "aiding and abetting" claims must be dismissed for a separate and independent reason: Plaintiffs cannot show that JPMorgan substantially assisted in the fraud. Routine banking services, including opening accounts, executing wire transfers, and processing checks do not constitute "substantial assistance." See Renner v. Chase Manhattan Bank, No. 98 Civ. 926, 2000 WL 781081, at *12 (S.D.N.Y. June 16, 2000) ("The mere fact that all participants in the alleged scheme used accounts at [Chase] to perpetrate it, without more, does not rise to the level of substantial assistance necessary to state a claim for aiding and abetting liability.").

IV.     Counts 12, 13, 15

Count 12 (unjust enrichment), Count 13 (breach of fiduciary duty), and Count 15 (gross negligence) fail because JPMorgan does not owe a fiduciary duty to Plaintiffs.[2]  Plaintiffs argue that the "Escrow and Client Funds Management Account" agreement creates a fiduciary duty. (See Bellon Decl. Ex. 2.) But Baez signed that agreement on behalf of the FIT Entities with JPMorgan. This is insufficient to create a duty between JPMorgan and Plaintiffs. "Banks generally do not owe non-customers a duty to protect them from fraud perpetrated by customers." In re Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 833 (S.D.N.Y. 2005). A narrow exception to this rule exists where a bank fails to act to safeguard funds on deposit in a fiduciary account after receiving "clear evidence" of misappropriation. However, isolated transfers of money, even large sums, do not necessarily constitute "clear evidence" of misappropriation. See Lerner v. Fleet Bank, N.C., 459 F.3d 273, 295 (2d Cir. 2006).

---

[2]     Count 15 (gross negligence), requires that plaintiff show that the defendant owed the plaintiff a cognizable duty of care. See Curley v. AMR Corp., 153 F.3d 5, 13 (2d Cir. 1998).

Further, "although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated." Mandarin Trading Ltd. v. Wildenstein, 944 N.E.2d 1104, 1111 (2011). Here, Plaintiffs do not allege that they were JPMorgan clients, or that they had any dealings with JPMorgan sufficient to sustain an unjust enrichment claim.

V.       Count 6

Count 6 (fraudulent misrepresentation) fails because Plaintiffs do not allege "a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 291 (2d Cir. 2006). Plaintiffs' allegations of false statements are aimed almost entirely at Baez and Sanchez, not JPMorgan. Plaintiffs do allege that JPMorgan falsely represented to Plaintiffs that the "funds from the 66 Account . . . could not be distributed to anyone other than to trade in the Forex market." (Am. Compl. ¶ 44.) And that JPMorgan employees "knowingly made material false statements and representations including . . . [s]upplying Plaintiffs with false and fraudulent bank account statements." (Am. Compl. ¶ 75.) But these allegations are too vague and fall far short of the heightened pleading standards of Rule 9(b).

VI.      Count 10

Finally, Count 10 (conversion) fails because Plaintiffs do not plead JPMorgan's "dominion over the property or interference with it, in derogation of plaintiff's rights." Colavito v. New York Organ Donor Network, Inc., 860 N.E. 2d 713, 717 (2006). Plaintiffs' expectation that JPMorgan would safeguard their funds is insufficient under the heightened pleading standard of Rule 9(b). See Lerner v. Fleet Bank, N.A., 459 F.3d 273, 287 (2d Cir. 2006) ("[A] depository

bank has no duty to monitor fiduciary accounts maintained at its branches in order to safeguard funds in those accounts from fiduciary misappropriation.") (internal quotations and citations omitted); see also Daly v. Castro Llanes, 30 F. Supp. 2d 407, 414 (S.D.N.Y. 1998) ("Plaintiff's claim of conversion, which is an unauthorized taking of property, rests on an allegation of fraudulent taking, and is therefore subject to the pleading requirements of Rule 9(b).").

<u>CONCLUSION</u>

For the foregoing reasons, JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.'s motion to dismiss the claims against them is granted.   Because Plaintiffs were afforded the opportunity to replead after a pre-motion conference (see ECF No. 24), the dismissal is without leave to replead.  The Clerk of Court is directed to terminate JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. as parties, and terminate the motion pending at ECF No. 29.

Any applications relating to Defendants who have failed to respond to the Amended Complaint should be filed by August 14, 2015.

Dated: July 31, 2015
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record.*

8