UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DANIEL ZAMORA, et al.,

                        Plaintiffs,

      -against-

JP MORGAN CHASE BANK, N.A., et al.,

                        Defendants.

-----------------------------------------------------------------X

14-CV-05344 (WHP)(SN)

**REPORT & RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge**.

**TO THE HONORABLE WILLIAM H. PAULEY III:**

      This case involves allegations that defendants Dilia Margarita Baez ("Baez") and Jairo Enrique Sanchez ("Sanchez") opened and maintained fraudulent bank accounts at defendant JPMorgan Chase Bank, N.A. ("Chase") as part of a scheme to steal investor funds. The Honorable William H. Pauley III granted Chase's motion to dismiss on July 31, 2015. See ECF No. 40. Judge Pauley later referred to me the issue of whether the plaintiffs' service on defendants Baez and Sanchez, who are both residents of Colombia, was effective pursuant to the 1965 Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters ("Hague Service Convention"). A hearing regarding plaintiffs' service was held on June 1, 2017.

      Because plaintiffs' anticipated default judgment motion hinges on whether service was effected, the Court construes the issue as dispositive. This Report and Recommendation follows.

For the reasons stated below, the Court finds that service has been effected pursuant to both Articles 10(a) and 10(c) of the Hague Service Convention. The Court therefore recommends that plaintiffs' motion for default against the two defendants be granted.

**I.	Hague Service Convention**

Colombia is a signatory to the Hague Service Convention. Under Federal Rule of Civil Procedure 4(f), service on individuals in a foreign country must be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Under Federal Rule of Civil Procedure 4(h)(2), foreign corporations, partnerships, and associations are to be served in the same manner. See Fed. R. Civ. P. 4(h)(2). The Hague Service Convention's "service of process" requires a delivery of documents "legally sufficient to charge the defendant with notice of a pending action." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 700 (1988).

Article 2 of the Hague Service Convention provides that "[e]ach Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States." Art. 2, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Signatories to the Convention may additionally effectuate service through diplomatic or consular channels, see id. Arts. 8–9, or agree to permit service of process by channels not otherwise enumerated in the Convention, id. Art. 11. Specifically, under Article 10, absent objections from the state of destination, the Convention will not interfere with:

> (a) the freedom to send judicial documents by postal channels, directly to persons abroad,
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Id. Art. 10. Service by these alternate means need not conform to the service regulations imposed on the state of destination's Central Authority. See id. Art. 2.

## II. Relevant Background on Service

Plaintiffs have submitted several submissions, affirmations, and materials as to whether service on the Colombian defendants was effective. According to the affidavits submitted by Myriam Campos Vela (a licensed Colombian attorney referred to by plaintiff Zamora as his local counsel), on October 16, 2014, she affixed the Original Complaint and Summons after passing through two residential security checkpoints and obtained the signature of a guard who stated he would make sure the defendants received the documents. See Ex. A to the June 1, 2017 Order at 3–4 (ECF No. 80-1). Ms. Vela also sent by certified mail the same documents that she had personally delivered to the residence. See id. at 4. As proof of the nail-and-mail delivery, plaintiffs produced the original receipts of the certified courier, a letter signed by the guard at the defendants' residence, and a video of service. See id. at 6; Ex. B at 7 (ECF No. 80-2). Plaintiffs' counsel also averred that "copies of all documents were sent to Defendants' same domicile, as was by way of certified mail" on October 17, 2014. David Bellon Affidavit ("Bellon Aff.") ¶ 8 (ECF No. 70).

With regards to the Amended Complaint, on July 6, 2016, Ms. Vela affixed "all documents related to the legal action: (summons, complaint and judge rules)" to the door of defendants' residence and obtained a signed letter from a guard who promised he would deliver the papers in person to Baez and Sanchez. ECF No. 59 at 2–3. On July 8, 2016, she enlisted a courier service to deliver the same documents to the defendants. Id. Plaintiffs have produced the

original receipts of the certified courier. See ECF No. 80-3. Ms. Vela's Affidavit referred to ECF Nos. 28, 28-1, and 28-2 as the documents delivered to the defendants on July 6, 2016. ECF No. 59 at 2.

With regards to the motion for default judgment, on March 1, 2016, Ms. Vela affixed the relevant documents on the door to defendants' residence after passing through two security checkpoints. See Ex. C at 5, 7 (ECF No. 80-4). As proof of the nail-and-mail delivery, plaintiffs produced the original receipts of the certified courier, a letter signed by the guard at the defendants' residence who indicated to Ms. Vela that he would deliver the documents in person to defendants, and a video of service. See id. at 7.

In his February 1, 2017 submission, plaintiffs' counsel asserted that Article 10(a) was satisfied by way of certified mail. See Bellon Aff. ¶ 8 (ECF No. 70) (with regards to the original complaint, "copies of all documents were sent to Defendants' same domicile, as was by way of certified mail"). Plaintiff Zamora, in a March 23, 2017 submission, confirmed that certified mail had been used: "My lawyer Myriam Campos went to their domicile and affixed the papers at the entrance of their domicile and the following day I sent a full copy of the same documents through 'certified mail.' I used a courier company called '472,' owned by the Colombian Government and licensed to serve legal documents. Our lawyer, Mr. David Bellon received evidence of this procedure, to be presented in the NY Court as proof of 'proper service.'" See Daniel Zamora Affidavit ¶ 5 (ECF No. 72).

## III. Analysis

Because plaintiffs served the summons and complaint in this action upon the defendants in Colombia, such service is governed by the Hague Service Convention. Accordingly,

"compliance with the [Hague] Convention is mandatory in all cases to which it applies." Volkswagenwerk Aktiengesellschaft, 486 U.S. at 705.

### A. Article 10(a)

In accordance with Article 10(a) of the Hague Service Convention, the Convention's provisions "shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." Clear precedent of this Circuit holds that the Hague Service Convention's use of the word "send" in Article 10(a) authorizes the use of "postal channels" to effectuate service on an international litigant. Ackermann v. Levine, 788 F.2d 830, 839–40 (2d Cir. 1986) (the Convention "supplements" the Federal Rules in providing for an independent manner of service (internal citation and quotation marks omitted)).

In this action, plaintiffs' local counsel sent, via certified mail, copies of the relevant legal documents to defendants' address in Colombia on at least three separate occasions. Because Colombia has not objected to the use of "postal channels" under Article 10(a), service of process by certified mail constitutes an appropriate method of service. See ECF No. 72-1 at 9 (Colombian Ministry of Foreign Affairs' response that Colombia has "[n]o opposition" to Article 10(a) in response to Zamora's letter); see also "Colombia," Bureau of Consular Affairs, U.S. Department of State, https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/colombia.html. Receipts of the certified mailings for the original complaint, amended complaint, and motion for default judgment have been produced to and reviewed by the Court and have been publicly docketed. The Court finds that service has been effected in satisfaction of Article 10(a).

## B. Article 10(c)

Article 10(c) is an alternative to Article 10(a)'s provision for "postal channels" by allowing "any person interested in a judicial proceeding" to "*effect service*" by way of "judicial officers, officials or *other competent persons of the State of destination*." Art. 10, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (emphasis added). Colombia does not object to Article 10(c) as a means of effecting service. See ECF No. 72-1 at 9 (Colombian Ministry of Foreign Affairs' response that Colombia has "[n]o opposition" to Article 10(c)).

First, courts have construed Article 10(c)'s "other competent persons" as an individual permitted to serve process in the foreign country. See Ingram Micro, Inc. v. Airoute Cargo Express, Inc., No. 99 Civ. 12480 (SAS), 2001 WL 282696, at *6 (S.D.N.Y. Mar. 22, 2001) ("competent person" in Article 10(c) defined as someone who is permitted to serve process in the foreign country (internal citation omitted)); In re Am. Internat'l Grp., Inc. Secs. Litig., 240 F.R.D. 608 (S.D.N.Y. 2007) (private process servers were "competent persons" within the meaning of Article 10(c); Koehler v. Dodwell, 152 F.3d 304, 307–08 (4th Cir. 1998) (rejecting the "tortured reading" that "competent persons of the State of destination" refers only to "competent persons who are employed by the destination State").

Ms. Vela, as a licensed Colombian attorney, is a "competent person of the State of destination" within the meaning of Article 10(c) and capable of serving legal documents. See also Bellon Aff. ¶ 8 (ECF No. 70) (averring that the documents were delivered by "licensed lawyer Myriam Campos Vela, duly authorized through a [Limited Power of Attorney] by Plaintiff who lives in Colombia and Plaintiff's Lawyer"). Plaintiffs have also produced Ms. Vela's "lawyer license." ECF No. 59 at 3, 7–8; ECF No. 80-1 at 5.

Second, Ms. Vela has "effect[ed] service" through the nail-and-mail process. The Hague Service Convention does not provide a definition for the phrase "effect service." But, given that Article 10 represents a catch-all provision in which other forms of service not otherwise enumerated in the Convention may be used (so long as the State of destination does not object), Ms. Vela's delivery of the relevant papers to the defendants' established place of residence and subsequent mailing of the papers, via a certified courier, should constitute "effect[ing] service" for the Original Complaint, the Amended Complaint, and the motion for default judgment. According to plaintiffs' submissions, Ms. Vela also obtained letters signed by the guard at the defendants' residence and videotaped the process of service. Furthermore, as discussed above, the Court has received and reviewed the original receipts of the certified mailings. Accordingly, service has been effected in satisfaction of Article 10(c) as well.

## IV. Conclusion

The Court finds that service with respect to defendants Baez and Sanchez has been effected pursuant to Articles 10(a) and 10(c) of the Hague Service Convention and therefore recommends that the Court enter a default against the two individual defendants and refer to the undersigned a damages inquest.

The plaintiffs are directed to mail a copy of this Report to the defendants at their Colombian residence and to file proof of service.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   June 21, 2017
         New York, New York

\*          \*          \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable William H. Pauley III at the Daniel P. Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Pauley. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).