UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

DANIEL ZAMORA and CGC, INC.,               :
                                           :
                    Plaintiffs,            :          14cv5344
                                           :
              -against-                    :          <u>MEMORANDUM & ORDER</u>
                                           :
FIT INTERNATIONAL GROUP, CORP.,            :
FOREX INTERNATIONAL TEAM INC.,             :
JAIRO ENRIQUE SANCHEZ, and DILIA           :
MARGARITA BAEZ,                            :
                                           :
                    Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

WILLIAM H. PAULEY III, Senior United States District Judge:

        Plaintiffs Daniel Zamora and CGC, Inc. moved for a default judgment against Defendants FIT International Group, Corp. ("FIT International"), Forex International Team Inc. ("Forex International"), Jairo Enrique Sanchez, and Dilia Margarita Baez.  This Court referred the motion to the assigned magistrate judge for a Report & Recommendation.  On May 10, 2019, Magistrate Judge Sarah Netburn issued a Report & Recommendation (the "Report").  The Report recommended that this Court deny the motion for default judgment against Forex International, grant the motion for default judgment against the other defendants for civil RICO violations, and award Plaintiffs treble damages of $9,724,843.11 and post-judgment interest pursuant to 28 U.S.C. § 1961.  On May 24, 2019, Plaintiffs filed a limited objection to the Report (the "Objection").  Having reviewed the Objection, this Court concludes that it lacks merit and adopts the Report in its entirety.

DISCUSSION

I.      Legal Standard

        A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations" of a magistrate judge.  28 U.S.C. § 636(b)(1).  This Court reviews de novo

the portions of the Report to which objections are made and reviews the remainder for clear error

on the face of the record.  28 U.S.C. § 636(b)(1); Mulosmanaj v. Colvin, 2016 WL 4775613, at

*2 (S.D.N.Y. Sept. 14, 2016).  In order to warrant de novo review, the objections "must be

specific and clearly aimed at particular findings in the magistrate judge's proposal."  George v.

Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (citation and quotation

mark omitted).  Conclusory or general objections are entitled only to clear error review.  Pineda

v. Masonry Constr., Inc., 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).

II.     Plaintiffs' Objection

        Plaintiffs take issue with the magistrate judge's determination that the "substantial

portions of their memorandum of law arguing that the Amended Complaint sufficiently alleges a

claim for civil RICO against the JP Morgan Defendants" essentially constitutes "an untimely

motion for reconsideration" of this Court's prior dismissal of the claims against JP Morgan

Chase & Co. and JP Morgan Chase Bank, N.A (the "JP Morgan Defendants").  (Report, at 6.)

See generally Zamora v. JP Morgan Chase Bank, N.A., 2015 WL 4653234 (S.D.N.Y. July 31,

2015).

        As an initial matter, this Court agrees with the magistrate judge that to the extent

that such an objection is tantamount to a motion for reconsideration, it should be denied as

untimely.  Local Civil Rule 6.3 directs parties to move for "reconsideration or reargument of a

court order determining a motion . . . fourteen (14) days after the entry of the court's

2

determination of the original motion."  Local Civ. R. 6.3.  Thus, the time to file a motion under

Local Civil Rule 6.3 would have lapsed in August 2015—almost four years ago.  And "as

numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is

reason enough to deny the motion."  McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani, 293

F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting cases).[1]

   The crux of Plaintiffs' objection is that the Report overlooks evidence that

Plaintiffs purportedly discovered after this Court's July 31, 2015 Memorandum & Order that

they claim supports a determination that the JP Morgan Defendants violated RICO.  Whatever

the merits of Plaintiffs' arguments, however, their request for relief under Rule 60(b) lacks merit.

First, motions for relief under subsections (b)(1), (b)(2), and (b)(3) must be made "no more than

a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P.

60(c)(1).  Second, the reasons for relief set forth in subsections (b)(4) and (b)(5) are plainly

inapplicable.  See Fed. R. Civ. P. 60(b)(4), (b)(5).  Finally, Rule 60(b)'s catch-all provision,

which authorizes relief for "any other reason that justifies relief," also does not apply.  Fed. R.

Civ. P. 60(b)(6).

   In particular, Rule 60(c)(1) mandates that any Rule 60(b) motion "must be made

within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  A "reasonable time" depends on "the

particular circumstances of the case," including "the reason for any delay, the possible prejudice

to the non-moving party, and the interests of finality."  Thai-Lao Lignite (Thai.) Co. v. Gov't of

Lao People's Democratic Republic, 864 F.3d 172, 182 (2d Cir. 2017).  Here, as best this Court

---

[1]  Any motion to amend or alter a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is likewise untimely.  See Fed. R. Civ. P. 59(e) (requiring such motions to be filed "no later than 28 days after the entry of the judgment").

3

can discern, the evidence that Plaintiffs claim was newly discovered predates the filing of the JP

Morgan Defendants' motion to dismiss—in some cases, by roughly ten years.  Plaintiffs offer no

explanation for failing to seek Rule 60(b) relief earlier or for why these documents could not

have been previously discovered with reasonable diligence.  Moreover, the prejudice to the JP

Morgan Defendants—who were dismissed from this action almost four years ago—and the

interests of finality weigh strongly against a finding that Plaintiffs' motion was made within a

reasonable time.  Indeed, the "Second Circuit has repeatedly held that a one-year delay in filing a

Rule 60(b)(6) [motion] is unreasonable," especially where there has been no explanation for the

delay.  Chiulli v. IRS, 2006 WL 3008084, at *3 (S.D.N.Y. Oct. 20, 2006) (citing PRC Harris,

Inc. v. Boeing, Co., 700 F.2d 894, 897 (2d Cir. 1983)).

CONCLUSION

Plaintiffs' objection is overruled.  Finding that the remainder of the Report is not

clearly erroneous, this Court adopts it in its entirety.  Specifically, Plaintiffs' motion for default

judgment is denied as to Forex International; Plaintiffs' motion for default judgment is granted as

to Sanchez, Baez, and FIT International based solely on civil RICO violations and denied as to

all other claims; Plaintiffs are entitled to $9,724,843.11 in treble damages, for which Sanchez,

Baez, and FIT International are jointly and severally liable; and Plaintiffs are entitled to post-

judgment interest from the date of entry of judgment pursuant to 28 U.S.C. § 1961.

Plaintiffs' request for attorney's fees is denied for the reasons set forth in the

Report.  However, this Court affords Plaintiffs' counsel an opportunity to substantiate his fee

application with contemporaneous time records that "specify, for each attorney, the date, the

hours expended, and the nature of the work done."  N.Y. State Ass'n for Retarded Children, Inc.

v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).  Such documentation shall be submitted to this

Court for <u>in camera</u> review by June 21, 2019.  Failure to comply will result in denial of the request for attorney's fees.

       The Clerk of Court is directed to seal the document docketed at ECF No. 109-1 to protect financial account information.

Dated: June 7, 2019
     New York, New York

                            SO ORDERED:

                            WILLIAM H. PAULEY III
                                U.S.D.J.